OCAMPO V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-410-CR

ROBERT JOSEPH OCAMPO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Robert Joseph Ocampo appeals his felony conviction and eight-year sentence for driving while intoxicated (DWI).  In his sole point, appellant asserts that the trial court abused its discretion by overruling appellant’s challenge for cause of prospective jurors who would consider prior DWI convictions as evidence of guilt.

II.  Jury Voir Dire

Appellant was prosecuted for DWI on October 13, 2005.  The offense was enhanced to a felony because of appellant’s two prior convictions, which appellant stipulated to.  
See
 
Tex. Penal Code Ann.
 § 49.04 (Vernon 2003), § 49.09(b)(2) (Vernon Supp. 2006).  

During voir dire, appellant’s trial counsel discussed whether the prospective jurors would consider appellant’s two prior convictions for DWI as evidence of his guilt.  Appellant asserts that seven venire members stated that they would consider these prior convictions in determining appellant’s guilt.  Therefore, according to appellant, the trial court abused its discretion by overruling appellant’s challenges for cause of these prospective jurors.  

Before an appellant can claim that he was harmed by a trial court’s denial of a defense challenge for cause, the record must show that (1) he exhausted all of his peremptory challenges, (2) he requested more challenges, (3) his request was denied, and (4) he identified an objectionable person seated on the jury upon whom he would have exercised a peremptory challenge.  
Martinez v. State
, 17 S.W.3d 677, 682 (Tex. Crim. App. 2000); 
Anson v. State
, 959 S.W.2d 203, 204 (Tex. Crim. App. 1997), 
cert. dism’d
, 525 U.S. 924 (1998); 
Broussard v. State
, 910 S.W.2d 952, 956-57 (Tex. Crim. App. 1995), 
cert. denied
, 519 U.S. 826 (1996). 

Although seven jurors admitted during voir dire that they would consider appellant’s two prior convictions for DWI as evidence of his guilt, none of these jurors ultimately served on appellant’s jury.  Further, appellant never identified an objectionable person seated on the jury upon whom he would have exercised a peremptory challenge.  
See Martinez
, 17 S.W.3d at 682.  After using all of his peremptory challenges, appellant requested three additional peremptory challenges, but the trial court only granted him two.  At that point, appellant told the trial court that he desired a third peremptory challenge for juror 8.  Although the trial court denied this request, juror 8 never sat on the jury because the State struck her.  Appellant did not inform the trial court of any other objectionable venire members who ultimately served on the jury.  

Because appellant did not identify an objectionable person seated on the jury, he was not harmed by the trial court’s denial of his challenges for cause.  
See id. 
 Accordingly, we overrule appellant’s sole point.

Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 8, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.